Shakoor Brown

No. KB7150

SCI. Camp Hill

2500 Lisburn Road

Camp Hill. Pa. 17001

United States District Court

Middle District of Pennsylvania

February 22, 2022

FILED
SCRANTON
FEB 28 2022
PER _____
DEPUTY CLERK

Shakoor Brown

v.

George Little; William Nicklow;
Brad Ritchey; Lieutenant Beaver;
Lieutenant Bartow; Sergeant Johnson.

No.
1:22-CV-
0293

Complaint

Plaintiff, Shakoor Brown, brings forth this civil action for
Actions and omissions that subjected him to inhumane
conditions, and that deprived him of basic life neces-
sities. Plaintiff seeks compensatory and punitive damages
Against Defendants in their personal capacity, and pros-
pective, emergency relief against Defendants in their
official capacity.

Parties:

1. Plaintiff, is an adult individual, and currently confined
   at Camp Hill.

2. George Little, is the Secretary of the Department of
   Corrections (DOC).

3. William Nicklow, is the Deputy Superintendent of Central-
   ized Services, and Representative of Camp Hill's
   Program Review Committee (PRC).

4. Brad Ritchey, is the Unit Manager of the Restrictive Housing Unit (RHU) at Camp Hill.

5. Lieutenant's Beaver, and Bartow, are both Lieutenants at Camp Hill.

6. Sergeant Johnson, is a Sergeant at Camp Hill.

Statement of Facts:

7. On or about December 28, 2021, Plaintiff had began a hunger strike, after observing contamination (bodily fluids), inside of his meals.

8. Plaintiff suffers from serious mental health disorders such as anxiety, panic attacks, phobia, and paranoia.

9. Plaintiff is currently on medication for these conditions.

10. During Plaintiffs' hunger strike, he was housed inside of a psychiatric observation cell (POC), with video surveillance monitors that record.

11. On February 2, 2022, while Plaintiff was having a mental health crisis, instead of providing him access to proper mental health staff in an attempt to alleviate his emotional disturbance, Defendants Bartow and Johnson had ordered for their subordinate correctional officers to pepper spray Plaintiff, unreasonably and maliciously, in the face, eyes, mouth, and head areas.

12. The pepper spray caused instant blindness, burning, breathing complications, and excruciating pain.

13. However, instead of taking Plaintiff, afterwards, to the medical triage department for decontamination and other medical treatment, Bartow and Johnson had denied him access to medical services, and had

unreasonably and maliciously, taken him back to his
cell in pain, visionless, burning, and unable to properly
breath.

14. The Defendants had taken, and kept, all of Plaintiffs
property that was in his cell, leaving him with just
a suicide blanket and smock, without any legal
justification.

15. Defendants Nicklow and Ritchey had conspired with
Bartow and Johnson, on a theory that Plaintiffs be-
havior was not due to any mental health issue,
and thus, forced Plaintiff into a behavior modification
program (BMP), rather than a mental health program.

16. This aforesaid BMP program, is governed by the DOC
with Little having superior oversight, and Nicklow,
Ritchey, and Defendant Beaver, being the assigned
staff to administer the program to Plaintiff.

17. Plaintiff was forced into this program, where his
liberty and property is more restricted than
any other inmates in the RHU.

18. Plaintiff was never given any opportunity to
object to this program, or any process whatso-
ever.

19. At the onset of the program, an inmate is denied
all of his property, including clothes to wear.

20. The alleged objective of the program, is for the
inmate to keep good behavior, in order to start
receiving his property again, in increments.

21. This program is based on behavior; not mental health.

22. Defendant Little, with final authority over this program, has substantially failed at providing training to his subordinates that administer it, and, consequently, allows for his subordinates to abuse the program in violation of inmates' constitutional rights.

23. Little, has recklessly failed to consider training, in the disparity between inmates that suffer from serious mental illnesses, and those to whom just have behavioral issues.

24. As a result, Plaintiff, an inmate to whom suffers from serious mental illness, and on medication for it, was wrongfully placed in an inappropriate program without due process.

25. Plaintiff began the program on or about February 14th, 2022.

26. Plaintiff is still on hunger strike.

27. By Plaintiff lawfully engaging in a hunger strike, and lawfully refusing medical assessments, Defendants Nicklow, Bitchey, and Beaver, has used his rights against him, in order to extend the confiscation of his property and clothes, in an arbitrary and capricious manner.

28. It is apparent that Defendants are abusing their assigned roles in the Plaintiff's program, with no real intention on ever giving him back his belongings.

29. The housing cells, where Plaintiff is at in the RHU, is extremely cold, to which, he has no ability

to keep warm.

30. Plaintiff is unable to read, write, or otherwise communicate with family, or submit grievances to Administration.

31. Without having access to a pen, grievance form, or writing paper, Plaintiff is unable to exhaust his Administrative remedies.

32. By reason of the aforesaid acts and omissions, caused by Defendants, Plaintiff has, and continues to suffer and be subject to:

   A. physical and psychological torture.

   B. aggravation to preexisting mental illnesses.

   C. vision and breathing impairments.

   D. discomfort from cold temperatures.

   E. denial of freedom of speech.

33. By reason of the aforesaid, Defendants knowingly, willingly, and intentionally, without care of Plaintiffs liberty interest to humane conditions, violated his:

   A. First Amendment right to freedom of speech.

   B. Supervisory liability.

   C. Eighth Amendment right to be free from excessive use of force and deliberate indifference to his medical and mental health conditions.

   D. Fourteenth Amendment right to due process.

34. Plaintiff seeks damages in an amount in excess of $50,000,00, costs, fees, and injunctive relief.

I verify under penalty of perjury that the foregoing is true and correct. Shahout Brown _____ Feb. 22, 2022

United States District Court
Middle District of Pennsylvania      February 22, 2022

Shakour Brown
v.                                        No. 1:22-CV-0293
George Little; William Nicklow;
Brad Ritchey; Lieutenant Benner;
Lieutenant Bartow; Sergeant Johnson.      Summons

To Defendants:

You have been sued in Court. You have 20 days,
After service of summons on you, to serve on
the Plaintiff an answer to the Attached complaint.
The answer must also be served upon this Court.
If you fail to respond, judgment by default will be
entered Against you for the relief demanded in the
complaint.
1. George Little, 1920 Technology Pkwy, Mechanicsburg, PA 17050
2. Remaining Defendants, 2500 Lisburn Rd, Camp Hill, PA 17001
3. Plaintiff, 2500 Lisburn Rd, Camp Hill, PA 17001


                    Clerk of Court

Shakoor Brown
No. KB7150
SCI. Camp Hill
2500 Lisburn Rd.
Camp Hill, PA 17001

1-22-cv-0293

February 22, 2022

Peter J. Welsh, Clerk
U.S. Courthouse, Middle
235 N. Washington Ave.
Scranton, PA    18501

Re: Civil Filing / IFP

Dear Mr. Welsh:

Enclosed herein, please find the following:

1. Summons
2. Complaint
3. Application to Process In Forma Pauperis
4. Motion to Appoint Counsel
5. Motion For Preliminary Injunction
6. Brief

Thank You!

Yours Truly,

Shakoor Brown



Charles Talbert
No. QA4727
SCI. CAMP Hill
2500 Lisburn Road
Camp Hill, PA 17001

LEGAL
MAIL

INMATE MAIL

US POSTAGE PITNEY BOWES
ZIP 17011 $ 000.20⁰
02 4W
0000375847 FEB 24 2022

RECEIVED
SCRANTON

FEB 28 2022

PER_____
DEPUTY CLERK

Mr. Peter J. Welsh, Clerk
U.S. Courthouse, Middle
235 N. Washington Ave.
Scranton, PA 18501

FOREVER USA
Barn Swallow

"Inmate Mail - PA DEPT. OF CORRECTIONS"